THE MAYOR ETC., OF BRUNSWICK *vs.* DURE.

Where the only issue made by the answer to the *mandamus nisi* is the fact that a bill in equity has been filed asking that the plaintiff in judgment, who applied for the *mandamus*, be enjoined, and thus the

sole question made under the Code, section 3201, is as to the equity of said bill, and is a question of law, the court may determine the same without a jury, and the judgment that the bill has no equity in it being right, this court will not reverse the judgment, making the *mandamus* absolute.

*Mandamus.* Practice in the Superior Court. Before Judge TOMPKINS. Glynn Superior Court. November Term, 1877.

Dure recovered certain judgments against the Mayor etc., of Brunswick. He filed a petition for *mandamus* against the defendant, setting out these judgments, that he could find no visible property to levy upon, that defendant was empowered to levy a tax of one and a half per cent., and had already done so for the year 1877, that he had demanded payment and it had been refused; he took a *mandamus nisi* calling on defendant to show cause why it should not pay his claim from money on hand, or if none, raise it by taxation. Defendant answered that another suit was pending by bill for injunction against movant and others, to enjoin the collection of this claim, which showed the complete distribution of the tax of 1877, and contained various reasons why this claim should not be collected. The judge made the rule absolute for the amount, to be paid from the tax of 1878, and defendant excepted.

MERSHON & SMITH; R. K. HINES, for plaintiff in error.

GOODYEAR & Harris, for defendant.

JACKSON, Judge.

This was an application for a *mandamus*, which was made absolute, and the city of Brunswick excepted.

The only issue made by the city was a certain bill in equity praying for an injunction against Dure, to forbid the enforcement of his judgment against the city. That issue was a question of law for the court, the bill in equity being all in writing and the sole issue being—is there equity in it?

If an issue of fact had been made, a jury should have tried it under section 3201 of the Code; but it being solely one of law, the court should pass upon it. Accordingly the court passed an order in term to pass upon it in vacation, and did so, having the judgment pr‛perly entered of record; which narrows the question to this point—was there equity in the bill appended to the answer of the city to the *mandamus nisi?*

We think there was none, and have so held at this term in the case of the *City of Brunswick vs. Harris, bailiff, et al.,* not yet reported. The bill alleges nothing against this judgment, no fraud or mistake, or other reason in equity why it should not be paid, except that the city owes other people, and some of them have defrauded her, and hold fraudulent claims against her; but that is no reason why she should not pay this judgment, which is not attacked for fraud or other equitable reason to set it aside. The *mandamus nisi* asked that the city be made to pay the judgment; the court made it absolute, to come out of the taxes of 1878; the debt is something over nine hundred dollars; it can be and ought to be paid by the city; and we affirm the judgment.

Judgment affirmed.